**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

In Re:

ROXANNE MARIE GULLIKSON,

    Debtor.

Chapter 13
Case No. 17-20208

**ORDER DENYING DEBTOR'S MOTION TO RECONSIDER DISMISSAL**

This matter is before the Court on Roxanne Marie Gullikson's (the "Debtor") motion seeking an order either: (a) striking the 11 U.S.C. § 109(g)(1) language from the Court's July 14, 2017 Order Dismissing Chapter 13 Case (Docket Entry ("D.E.") 50) (the "Dismissal Order") which would allow the Debtor to proceed forward in her new chapter 13 bankruptcy case (Case No. 17-20426); or, in the alternative, (b) vacating the Dismissal Order altogether and reinstating this chapter 13 bankruptcy case.

This Court treats a motion for reconsideration as a request for relief from a judgment or order under Fed. R. Civ. P. 60(b), which is applicable pursuant to Fed. R. Bankr. P. 9024. As a general matter, ". . . relief under Rule 60(b) is extraordinary in nature and . . . motions invoking that rule should be granted sparingly." Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002). *Accord* Aja v. Fitzgerald (In re Aja), 441 B.R. 173, 177 (1st Cir. BAP 2011).

The Debtor claims that she is entitled to relief under Rule 60(b)(1) because: (1) the Court erred by incorporating the "willful failure" language in its orders; and (2) the Debtor's failure to timely pay a third installment pursuant to an April 28, 2017 Order Approving Payment of Filing Fee In Installments (D.E. 6) ("Installment Payment Order") and a June 28, 2017 Order of Proposed Dismissal (D.E. 46") ("Proposed Dismissal Order") constitutes excusable neglect. The first argument can be dispensed with quickly; the inclusion of the § 109(g)(1) warning in the

Installment Payment Order and the Proposed Dismissal Order is part of the Court's attempt to underscore the importance of complying with a prerequisite to bankruptcy relief and the concomitant protections of the automatic stay (i.e., the payment of the filing fee) while giving the debtor ample opportunities to perform their duties, or explain why such duties cannot timely be fulfilled. Those parts of the order were included on purpose and not by mistake.

With respect to the second argument, "[a]t a bare minimum, a party who seeks relief from judgment on the basis of excusable neglect must offer a convincing explanation as to why the neglect was excusable." Cintron-Lorenzo v. Departmento de Asuntos del Consumidor, 312 F.3d 522, 527 (1st Cir. 2002). The Debtor's testimony at a September 12, 2017 hearing established that the Debtor was fully capable of responding to a Proposed Dismissal Order entered earlier in the same case on a previous missed installment payment. She did not present any evidence that an unforeseen circumstance beyond her control occurred that would have prevented her from making the third payment or requesting relief from the Court.

The Debtor also argues that relief is available under Rule 60(b)(2) as a result of her testimony that a doctor recently diagnosed her with a medical condition which affects her judgment and performance. However, the Debtor did not provide any testimony by a medical professional and her own testimony did not support her assertion her medical condition rendered her physically incapable of complying with either the Installment Payment Order or the Proposed Dismissal Order. Based on this record, the newly discovered evidence of her medical condition is insufficient to establish that relief under Rule 60(b)(2) is appropriate.

Finally, the Debtor argues that relief is warranted under Rule 60(b)(6); a catchall provision available only in "exceptional circumstances." Buck v. Davis, __ U.S. __; 137 S. Ct. 759, 772 (2017). Taking all of the Debtor's testimony into consideration and allowing, for

2

purposes of this motion, that some of the difficulties the Debtor encountered during the period June 28, 2017 through June 30, 2017 could constitute exceptional circumstances, the Debtor did not point to any events occurring between July 1, 2017 and July 11, 2017 which would amount to exceptional circumstances hindering her ability to comply with the June 28, 2017 Proposed Dismissal Order.  Clearly, things were going poorly for Ms. Gullikson during that time period but those events are common to debtors in most cases.  They did not amount to the exceptional circumstances which would excuse her failure to comply with a court order.

      For the foregoing reasons, Rule 60(b) relief is not available for the Debtor on this record and, therefore, her motion for reconsideration is hereby denied.

Dated:  October 3, 2017                                 /s/ Peter G. Cary
                                                                              Judge Peter G. Cary
                                                                              United States Bankruptcy Court